Johnson C. J., delivered the opinion of the court. It is enacted by the 109th section of chapt. 87 of the Revised Statutes that “ no confession shall be taken of judgment rendered thereon, unless the following requisites be complied with, first, the defendant must personally appear before the j ustice; second, the confession must be in writing signed by the defendant or by some person by him lawfully authorized, and filed with the justice.”— The defendant in this case appeared before the justice, and filed his written confession upon two notes, each for the sum of eighty-six dollars, payable one day after date, and dated on the twenty-fifth day of December, A. D. 1842. This application is grounded upon a supposed variance. between the instruments as described in the confession and those copied into the transcript. It is contended, that the authority given to the justice is to enter judgment upon notes, and that he, having entered judgments upon writings obligatory, necessarily transcended his authority. All. that the statute requires, in such cases, is such a description of the cause of action in the confession as to give it. identity. If the defendant, instead of describing the instruments as notes, had designated them merely as claims or demands and at the same time specified the dates and amounts, so as to have given them identity, it would have been all sufficient for the substantial purposes of the law. This, we conceive, he has done. He was not required to set out the technical, character of the instrument, and he could not, by doing more than the law required, prejudice the rights of the plaintiff. Motion denied.